UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RICHARD W. HAYES         :         DOCKET NO. 2:15-cv-2413

VERSUS         :         JUDGE MINALDI

WAL-MART STORES, INC. ET AL.    :         MAGISTRATE JUDGE KAY

**MEMORANDUM ORDER**

Before the court is a Motion to Remand [doc. 8] filed by Richard W. Hayes ("plaintiff") in response to a Notice of Removal [doc. 1] filed by defendants Wal-Mart Stores, Inc. ("Wal-Mart Stores") and Wal-Mart Louisiana, LLC ("Wal-Mart Louisiana"). Wal-Mart Stores and Wal-Mart Louisiana oppose the motion [doc. 11]. For the reasons stated below, the plaintiff's motion is hereby **DENIED**.

## I.
### BACKGROUND

This matter arises from an incident at a Wal-Mart store in DeRidder, Louisiana, on August 7, 2014. Doc. 1, att. 1, pp. 1–2. The plaintiff, a Louisiana resident, allegedly slipped in liquid in the aisle, sustaining injury. *Id.* He contends that the liquid came from a leak in a Coca-Cola cooler. *Id.* at 2. He filed suit in the 36th Judicial District Court, Beauregard Parish, Louisiana, on July 28, 2015, against Wal-Mart Stores, Wal-Mart Louisiana, and Coca-Cola Bottling Company United, Inc. ("Coca-Cola Bottling"). *Id.* at 1–4. He alleged that all were foreign corporations. *Id.* at 1.

Coca-Cola Bottling was served with process on August 21, 2015. Doc. 8, att. 2, p. 6. Wal-Mart Stores and Wal-Mart Louisiana were served on August 24, 2015. *Id.* at 7. Wal-Mart Stores

and Wal-Mart Louisiana then filed a joint notice of removal to this court on September 23, 2015, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1441. Doc. 1. They indicated consent from Coca-Cola Bottling.[1] On October 9, 2015, Coca-Cola Refreshments USA, Inc. ("Coca-Cola USA") filed an answer in this court, stating that it had been "erroneously named as" Coca-Cola Bottling.[2] Doc. 5, p. 1. An affidavit from a regional sales center manager of Coca-Cola Bottling also reveals that Coca-Cola Bottling had no responsibility for the cooler at the DeRidder Wal-Mart. Doc. 11, att. 1.

The plaintiff moved to remand on October 23, 2015, alleging that the removal had been procedurally improper for failure to provide written consent from all defendants. Doc. 8, att. 1. Coca-Cola USA then filed a written consent to removal on October 30, 2015, after which Wal-Mart Louisiana and Wal-Mart Stores (hereafter, jointly, "Wal-Mart") filed their opposition to the plaintiff's motion. Doc. 10; Doc. 11.

## II.
### LAW & ANALYSIS

The plaintiff contends that removal is procedurally improper because the party initially named as Coca-Cola Bottling did not file written consent to removal within the statutory time limit. Removal procedures are governed by 28 U.S.C. § 1446, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Accordingly, all then-served defendants who do not join in the removal petition must file timely[3] written indication of their consent. *Getty Oil Corp. v. Ins. Company of*

---

[1] "Defendant, Coca Cola Bottling Company United, Inc. consents to the filing of this removal." Doc. 1, p. 4.
[2] Coca-Cola USA also revealed in its corporate disclosure statement that Louisiana Coca-Cola Bottling Company, LLC had merged with Coca-Cola USA in 2013. Doc. 6, pp. 1–2.
[3] For defendants served at the time removal is sought, the deadline for filing consent is within 30 days of service of the initial pleading upon the removing party. *See* 28 U.S.C. § 1446(b)(2)(B)–(C). Therefore the deadline for Wal-Mart to obtain consent from a then-served co-defendant was September 23, 2015.

*North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). "If written consent on the part of all defendants is lacking when the thirty day removal period elapses, the notice of removal is deemed defective and the case must be remanded." *Wamsley v. Ditzler*, 2014 WL 1030085, *2 (W.D. La. Mar. 17, 2014) (internal citations omitted). Conclusory statements that other defendants consent to removal, made without any recitation of authority, are insufficient. *E.g.*, *Royal v. Fontenot*, 2010 WL 4068868, *1–*2 (W.D. La. Oct. 14, 2010). Here the plaintiff asserts, and Wal-Mart does not contest, that Wal-Mart's expression of consent on behalf of a co-defendant was inadequate. We agree. With the removal period having elapsed, this inadequacy would normally invalidate the petition.

Wal-Mart maintains that written consent was not needed from Coca-Cola Bottling because it was only a nominal party or was improperly joined. We find no merit to either of these claims.[4] However, consent may still be excused for a co-defendant if it was not properly served at the time of removal. *Courtney v. Benedetto*, 627 F.Supp. 523, 526 (M.D. La. 1986); *Albonetti v. GAF Corp.-Chem. Grp.*, 520 F.Supp. 825, 828 (S.D. Tex. 1981). We therefore consider whether any

---

[4] Removal without consent will still be deemed proper if the removing party can demonstrate that the non-consenting defendant was "merely a nominal or formal party." *Courtney v. Benedetto*, 627 F.Supp. 523, 526 (M.D. La. 1986) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). A nominal party is one serving in the suit as a "depositary or stakeholder." *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327 (citing *Colman v. Shimer*, 163 F.Supp. 347, 350 (W.D. Mich. 1958)). To show that a party is nominal, the removing party must establish "that there is no possibility that the plaintiff would be able to establish a cause of action against [that party] in state court." *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Svcs.*, 925 F.2d 866, 871 (5th Cir. 1991).

Consent is also not required from a co-defendant who is fraudulently or improperly joined. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent/improper joinder applies when it is alleged that a party was joined to an action to defeat diversity jurisdiction. *See Smallwood*, 385 F.3d at 572–73. It can be established by showing "actual fraud in the pleading of jurisdictional facts" or "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573.

Although we agree that the plaintiff would probably be unable to establish a cause of action against Coca-Cola Bottling, we are still unable to find that it is a nominal party or that it was fraudulently/improperly joined. It was not named as a depositary or stakeholder, but under the seemingly reasonable belief that it was the corporate entity responsible for maintaining the leaking cooler. Therefore it was not a nominal party. It also makes little sense that plaintiff named the entity to defeat diversity when plaintiff alleged that the company was a foreign corporation. Accordingly we find that Coca-Cola Bottling was not improperly joined. Instead, as Coca-Cola USA indicated in its answer, it was merely an entity that was "erroneously named."

consent from a Coca-Cola entity was required based on the fact that Coca-Cola Bottling was served, admittedly in error, and not Coca-Cola USA.

Proper service under state law is required to trigger removal obligations. *T.E. Constr. Specialties, Inc. v. Vista Benefits, Inc.*, 2003 WL 22259075, *3 (W.D. Tex. Sep. 23, 2003). In cases of misnomer, we would ordinarily find no impact to service for the purposes of this analysis. *See In Re Pharmaceutical Industry Average Wholesale Litig.*, 307 F.Supp.2d 190, 196 (D. Mass. 2004) (collecting cases). Misidentification, however, is a more serious matter. *See De Jongh v. State Farm Lloyds*, 555 Fed.App'x. 435, 438 n. 4 (5th Cir. 2014) (unpublished); *Bourgeois v. DeSoto*, 280 So.2d 271, 276 (La. Ct. App. 2d Cir. 1972) ("Service on the wrong party is no service at all.")

Louisiana courts treat a misidentification like a misnomer in certain cases, allowing an amendment correcting the party name to relate back to the date of filing when certain factors are met between the original and substitute defendants.[5] *See Ray v. Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983). "Although all four factors must be met, courts have stressed that an emphasis is placed on whether the proper defendant was given sufficient notice of the claim to avoid prejudice." *Savoie v. Calcasieu Parish Sheriff Office*, 157 So.3d 1278, 1281 (La. Ct. App. 3d Cir. 2015).

We cannot find that this exception would justify treating service on Coca-Cola Bottling as effective to Coca-Cola USA. There is no indication as to when Coca-Cola USA became aware of its connection to the suit and we note that it did not appear until over two weeks after removal. We

---

[5] The factors are as follows:
  (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
  (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
  (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
  (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
*Ray*, 434 So.2d at 1087.

therefore consider it to be prejudiced in its ability to file a timely consent and find no justification for denying it the federal forum to which it is otherwise entitled to defend its claims. As a non-served defendant, its consent was therefore not required. *Albonetti*, 520 F.Supp. at 828. There is thus no fatal flaw to the removal petition and no basis now for remand.

### III. CONCLUSION

For the reasons stated above, the plaintiff's Motion to Remand [doc. 8] is hereby **DENIED**.

THUS DONE this 28th day of December, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE