## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD HAYES** | * | **CIVIL ACTION NO.   2:15-cv-2413** |
| | * | |
| | * | |
| **v.** | * | **JUDGE MINALDI** |
| | * | |
| | * | |
| **WAL-MART STORES, INC., ET AL** | * | **MAGISTRATE JUDGE KAY** |

*********************************************************************

### MEMORANDUM RULING

Before the court is a Motion to Remand (Rec. Doc. 8) filed by plaintiff Richard Hayes, an Opposition (Rec. Doc. 11) filed by defendants Wal-Mart Stores, Inc., and Wal-Mart Louisiana, LLC (collectively referred to as "Wal-Mart"), a Reply filed by Hayes (Rec. Doc. 12), a Memorandum Order (Rec. Doc. 13) by the Magistrate Judge, an Appeal of Magistrate Judge Decision (Rec. Doc. 15) filed by Hayes, an Opposition (Rec. Doc. 18) filed by Wal-Mart, an Opposition (Rec. Doc. 19) filed by Coca-Cola Refreshments USA, Inc., and a Reply (Rec. Doc. 20) filed by Hayes. For the following reasons, Hayes' motion will be **DENIED**, and the Magistrate Judge's denial of remand (Rec. Doc. 13) will be **AFFIRMED**.

### FACTUAL BACKGROUND

Hayes alleges that he slipped on a substance in the aisle of a Wal-Mart located in DeRidder, Louisiana.[1] On July 28, 2015, Hayes filed an action in the Thirty-Sixth Judicial District Court of Beauregard Parish against defendants Wal-Mart and Coca-Cola Bottling Company United, Inc. ("Coca-Cola Bottling").[2] On September 23, 2015, Wal-Mart removed the case under the court's diversity jurisdiction.[3] On October 9, 2015, Coca-Cola Refreshments USA, Inc. ("Coca-Cola Refreshments"), voluntarily answered the complaint as the proper party

---

[1] Ex. A, Pet. for Damages (Rec. Doc. 1-1), at ¶¶ 2-3.
[2] *See* Ex. A, Pet. for Damages (Rec. Doc. 1-1).
[3] Notice of Removal (Rec. Doc. 1).

of the suit and asserted that Coca-Cola Bottling was erroneously named as a defendant.[4] On October 23, 2015, Hayes filed a motion to remand arguing that Coca-Cola Bottling did not properly consent to the removal.[5] In denying the motion to remand, the Magistrate Judge found that Coca-Cola Bottling was an erroneously named party, and also that Coca-Cola Refreshments was a non-served defendant whose consent was not required.[6] The present motion is an appeal of the Magistrate Judge's denial of remand.[7]

## LAW & ANALYSIS

In the Fifth Circuit, a motion to remand is a dispositive matter. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016). Rule 72 states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After an independent review of the record and a *de novo* determination of the issues, the court concludes that the findings of the Magistrate Judge are correct under applicable law.

Hayes' main argument is that Coca-Cola Bottling's written consent to removal was necessary because it was a then-served defendant.[8] *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal action."). However, all the parties agree that  Coca-Cola Refreshments is the proper defendant, and that Coca-Cola Bottling was erroneously named.[9] It is of no consequence that Coca-Cola Bottling was served, or even that the parties may have believed that Coca-Cola Bottling was the proper defendant at one point. Coca-Cola Refreshments is the proper defendant in this case, not

---

[4] Answer (Rec. Doc. 5).
[5] Mot. to Remand (Rec. Doc. 8).
[6] Mem. Order Den. Mot. to Remand (Rec. Doc. 13), at 4-5.
[7] Appeal of Magistrate Judge Decision (Rec. Doc. 15).
[8] Hayes also argues that Wal-Mart had a duty to provide an explanation as to why Coca-Cola Bottling, an erroneously named party, did not give written consent. No such duty exists.
[9] *See, e.g.,* Mem. in Supp. Of Mot. to Remand (Rec. Doc. 8-1), at 2.

Coca-Cola Bottling, and the court refuses to remand this matter because an entity that was erroneously named and served did not consent in writing to the removal.

Lake Charles, Louisiana, this ___ day of _____, 2016.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE